UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                        )         No. 1:23-mj-04293<br>)<br>JACK DOUGLAS TEIXEIRA        )<br>) | |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT FOR RELEASE ON BEHALF OF JACK D. TEIXEIRA

Pursuant to the Court's May 15, 2023, order (ECF No. 32) Jack Teixeira supplements his Memorandum in Support of Release. (ECF No. 20).

In prior proceedings and briefing, the Court and the government expressed concern that Mr. Teixeira could pose a danger to the public if released because top-secret information still known to him could be valuable to foreign governments. This would generally be true of many individuals charged under the Espionage Act. But courts have successfully fashioned pretrial release conditions that adequately mitigate any such perceived risk and those cases have proceeded without incident.

Attached to this filing as Exhibit A, Mr. Teixeira submits a list of other Espionage Act cases in which courts have approved release or the government did not seek detention. In many instances, the individuals held a vast knowledge of classified information because of their work with or for the Department of Defense, Department of State, Central Intelligence Agency, or Federal Bureau of Investigation. The Bail Reform Act demands individual determinations of course, and there have been other cases in which courts imposed pretrial detention. Nevertheless, these cases plainly demonstrate that there are release conditions available in Espionage Act cases, even in cases where courts held similar concerns.

In addressing the risk of flight question, the Government in its rebuttal at the detention hearing compared Mr. Teixeira to Edward Snowden, noting that Mr. Snowden currently resides in Russia. Here, the circumstances are not comparable. Mr. Snowden fled the country prior to any arrest and was never subject to any detention hearing. Additionally, Mr. Snowden was located in China, with his passport, at the

1

time his top-secret security information was leaked, and he orchestrated a coordinated plan to seek asylum in other countries. (*See* White House Daily Briefing, 6/24/2013, accessible at https://obamawhitehouse.archives.gov/the-press-office/2013/06/24/daily-briefing-press-secretary-jay-carney-6242013). Conversely, when news broke relating to Mr. Teixeira, he remained at his mother's home and peacefully submitted to arrest upon the arrival of law enforcement.

The government's invocation of the Snowden case is unwarranted because it bears no relationship to the relevant question before this court: whether a set of release conditions will reasonably assure Mr. Teixeira's presence at trial and compliance with conditions. The stringent release conditions originally proposed by Mr. Teixeira sufficiently account for any threat to the public the government may attempt to present, either in its past filings or any supplemental filings. Accordingly, Mr. Teixeira is entitled to release pretrial based upon the least restrictive set of conditions that the Court may find appropriate.

Respectfully submitted,
JACK TEIXEIRA
by his attorneys


*/s/ Brendan Kelley*
Brendan Kelley
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061

*/s/ Allen Franco*
Allen Franco
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

**Certificate of Service**

I, Brendan Kelley, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: April 27, 2023                                            */s/ Brendan Kelley*
                                                                                Brendan Kelley