UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACK DOUGLAS TEIXEIRA,<br><br>Defendant. | No. 23-cr-10159 |

**GOVERNMENT'S ASSENTED TO MOTION FOR PRETRIAL CONFERENCE AND APPOINTMENT OF CLASSIFIED INFORMATION SECURITY OFFICER AND SUPPORTING MEMORANDUM OF LAW**

The United States of America, by and through undersigned counsel, hereby apprises the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), to matters relating to classified information that may arise in connection with the instant case, both before and during trial, and moves for a pretrial conference, subject to further discussion among the parties, pursuant to Section 2 of CIPA, to consider such matters. In support of its motion, the government submits the following memorandum of law to provide the Court with a detailed description of the procedures mandated by CIPA for protecting classified information.

The government also moves the Court for an Order to designate a Classified Information Security Officer ("CISO") to assist the Court and Court personnel in the handling of any motions pursuant to CIPA and in implementing any orders relating to this matter. At the government's request, a CISO has already been assisting the parties by processing security clearances for defense counsel and assessing appropriate secure facilities for counsel to store and process classified information in this case. A proposed order designating a CISO will be filed with this motion.

I.    **BACKGROUND**

The indictment in this case charges the defendant with unlawfully retaining and transmitting classified national defense information in violation of 18 U.S.C. § 793(e).  Classified material, including but not limited to the documents the defendant is charged with unlawfully retaining and transmitting, has been collected as part of the underlying investigation and will be the subject of certain procedures pursuant to CIPA, as well as other applicable rules, statutes, and case law.  The disclosure of such material will raise issues of national security that the Court must address before the material can be provided to the defense and before it can be used at trial or in any applicable proceedings.

II.    **OVERVIEW OF THE CLASSIFIED INFORMATION PROCEDURES ACT**

CIPA was enacted in 1980 to enable courts to evaluate potential classified information issues in criminal cases before jeopardy attaches.  The First Circuit has long recognized CIPA's core purpose: "to enable the government to ascertain prior to trial the classified information which the defendant possesses so that it can evaluate the effect of its disclosure on national security."  *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984).

CIPA itself does not change the government's discovery obligations, and it does not alter the rules of evidence.  CIPA instead mandates a number of procedures at the pretrial, trial, and appellate stages of a criminal case to enable courts to protect a defendant's right to due process, including the right to a fair trial, and to protect the government's interest in classified information, sources, and methods.  *See United States v. Sterling*, 724 F.3d 482, 515 (4th Cir. 2013) (CIPA "was designed to balance the defendant's interest in a fair trial and the government's interest in protecting national security information"); *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) (discussing

balance between national security and due process rights of the defendant); *see also United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (CIPA's fundamental purpose is to "protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial") (internal quotation marks and citation omitted); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) ("CIPA creates a pretrial procedure for ruling upon the admissibility of classified information."); *United States v. LaRouche Campaign*, 695 F. Supp. 1282, 1285 (D. Mass. 1988) ("CIPA plainly manifests a congressional intent to protect classified information from *any* disclosure incident to court proceedings, at whatever stage of trial, other than such disclosures as are provided for in CIPA to give full protection to the rights of defendants.  The restrictions against disclosure are not aimed at allowing prosecutors (or defendants) any form of advantage in the criminal trial; they are aimed at protecting classified information in a way that does not impair the rights of defendants in a criminal trial.").

Accordingly, CIPA sets forth procedures by which federal courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases.  *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994).  The fundamental purpose of CIPA is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (internal quotes and citation omitted).  It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. Apperson*, 441 F.3d 1162, 1192 n.8 (10th Cir. 2006) (internal quotes and citation omitted).

Section 1 of CIPA defines "classified information" as "any information or material that has

been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." "National security," in turn, is defined as "the national defense and foreign relations of the United States." 18 U.S.C. App. III § 1. CIPA applies equally to classified testimony and classified documents. *See United States v. North*, 708 F. Supp. 399, 399-400 (D.D.C. 1988); *Kasi v. Angelone*, 200 F. Supp. 2d 585, 597 (E.D. Va. 2002) (applying CIPA to classified testimony).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure, noting that "[t]he Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (internal quotes and citation omitted). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant . . . ." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

### A.    Section 2—Pretrial Conference

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. After such motion is filed, Section 2 requires the District Court to hold a pretrial conference to establish the timing of: (1) requests for discovery; (2) the provision of the requisite written pretrial notice by the defense to the government, pursuant to Section 5 of CIPA, of the defendant's intent to disclose classified information; and (3) the initiation of procedures, pursuant to Section 6 of CIPA, concerning the use,

relevance, and admissibility of classified information. *Id.* In addition, the court may consider any matters that relate to classified information, or that may promote a fair and expeditious trial. *Id.* No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. *See* S. Rep. No 96-823, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4299. Moreover, to foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney. *See* 18 U.S.C. App. III § 2.

  **B.** **Section 3—Protective Orders**

Section 3 of CIPA provides that the court shall issue an order, upon the request of the United States, "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case." 18 U.S.C. App. III § 3. In addition to prohibiting such disclosure, protective orders issued under CIPA generally set forth rules for all parties governing the use and storage of classified information and provide for the appointment of a CISO who will assist the court and the parties with the logistics and processes for producing, storing, filing, and handling classified information.

As noted above, the process for granting security clearances for defense counsel has been initiated, and the CISO is assessing appropriate secure facilities for counsel to store and process classified information. In addition to processing clearances and providing secure work space for the defense, in this case the government anticipates the need for a CISO to assist the Court and Court personnel, including processing security clearances for certain Court personnel.

Section 3 was also intended to codify federal courts' well-established practice to issue protective orders based on courts' inherent authorities, as well as to supplement federal courts'

authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process. In contrast to the discretionary authority in Rule 16(d)(1), however, Section 3 of CIPA provides that, when classified information is involved, protective orders are to be issued whenever the government discloses classified information to a defendant in connection with a prosecution. *See* H.R. Rep. No. 96-831, pt. 1, at 26 (1980). The key Senate Report on CIPA, issued by the Senate Committee on the Judiciary, provides that the terms of a protective order may include, but need not be limited to, provisions:

> (1) prohibiting the disclosure of the information except as authorized by the court; (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed; (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the maintenance of logs recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6) authorizing the assignment of government security personnel and the provision of government storage facilities.

S. Rep. No. 96-823, at 6, *reprinted in* 1980 U.S.C.C.A.N. 4294, 4299 (1980).

### C. Section 4—Protection of Classified Information During Discovery

Section 4 of CIPA provides a procedural mechanism to protect classified information, sources, and methods, while simultaneously ensuring that the government can satisfy its discovery obligations. CIPA does not create any new right of discovery or expand the rules governing the admissibility of evidence. *Dumeisi*, 424 F.3d at 578 ("CIPA does not create any discovery rights for the defendant."); *United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); *United States v. Smith*, 780 F.2d 1102, 1106 ("The legislative history is clear that Congress did not intend to alter the existing law governing the

admissibility of evidence.").[1]  Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of such information to protect the government's national security interests. *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *Baptista-Rodriguez*, 17 F.3d at 1363-64; *United States v. Yunis*, 867 F.2d 617, 621.

CIPA thus does not, and was not intended to, "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990); *see United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of *Brady*"); *see also United States v. Abu Ali*, 528 F.3d 210, 247 (4th Cir. 2008).  Nor does CIPA provide that the admissibility of classified information be governed by anything other than the "well-established standards set forth in the Federal Rules of Evidence." *Baptista-Rodriguez*, 17 F.3d at 1364 (citations omitted).

Accordingly, pursuant to Section 4, district courts have the opportunity to assess whether, and the extent to which, specified items of classified information should be disclosed.  Specifically, Section 4 provides that "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove."  18 U.S.C. App. III § 4; *see also United States v.*

---

[1] *Smith* adopted the "relevant and helpful" standard discussed herein in the context of CIPA Section 6 determinations regarding the use, relevance, and admissibility of classified information.  Other courts have since applied a similar standard to discovery of classified information under CIPA Section 4.  *See, e.g.*, *United States v. Yunis*, 867 F.2d 617, 623-25 (D.C. Cir. 1989); *United States v. Drake*, 2011 WL 2175007, at *6 (D. Md. 2011) (unreported case).

*Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013); *Rezaq*, 134 F.3d at 1142.

Similar to Federal Rule of Criminal Procedure 16(d)(1), which gives the district court the authority to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" for "good cause," Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny, or otherwise restrict, discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. III § 4; s*ee, e.g.*, *Rezaq*, 134 F.3d at 1142; *Yunis*, 867 F.2d at 619-25. The legislative history of CIPA makes clear that Section 4 was intended to simply clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. *See* S. Rep. No. 96-823, at 6, 1980 U.S.C.C.A.N. at 4299-4300; *see also United States v. Aref*, 533 F.3d 72, 78-79 (2d Cir. 2008).

Thus, if the district court determines that the classified information is either not "relevant to the determination of the guilt or innocence of the defendant[]," or "helpful to the defense," or "essential to a fair determination of the cause," it is within its authority to withhold disclosure of the information. *Smith*, 780 F.2d at 1110 (quoting with approval *Pringle*, 751 F.2d at 428, and holding that defendant's right to discovery must be balanced against public interest in nondisclosure); *see also Yunis*, 867 F.2d at 623 ("a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused.'" (quoting *Roviaro*, 353 U.S. at 60-61)). CIPA's legislative history also makes clear that the Court may take national security interests into account in determining whether to permit discovery to be denied, restricted or deferred. *See* S. Rep. No. 96-823, at 6, *reprinted in* 1980 U.S.C.C.A.N. 4294, 4299-4300 (1980) (citing "the protection of information vital to the national security" as one consideration justifying limitations on discovery).

CIPA Section 4 also provides, similar to Rule 16(d)(1), that the government may

demonstrate that the use of an alternative discovery procedure—such as deletion or substitution—is warranted. CIPA further specifically provides that the Government may make this showing *in camera* and *ex parte*. 18 U.S.C. App. III § 4. The First Circuit has affirmed the propriety of these *ex parte* proceedings. *See, e.g.*, *Pringle*, 751 F.2d at 427 ("Section 4 also provides for an *ex parte* examination by the court . . . We rule that the government correctly followed the pertinent sections of CIPA in this case and the court's *ex parte in camera* inspection of the documents was authorized under § 4 of CIPA and Federal Rule of Criminal Procedure 16(d)(1)."); *see also United States v. Mejia*, 448 F.3d 436, 457-58 & n.21 (D.C. Cir. 2006) (noting similarity to Federal Rule of Criminal Procedure 16(d)); *see also United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010); *Aref*, 533 F.3d at 81; *Yunis*, 867 F.2d at 622-23; *Sarkissian*, 841 F.2d at 965.

A security clearance at a given level is not sufficient to entitle any individual to access or receive national security information classified at that level. Rather, in addition to receiving a clearance after a favorable determination of eligibility and execution of a non-disclosure agreement, an individual must have a "need to know" the classified information at issue. *See* Exec. Order 13526 § 4.1(a)(3). "Need to know" is defined as "a determination within the executive branch . . . that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." *Id.* § 6.1(dd). Accordingly, even if defense counsel hold appropriate security clearances, it "does not mean that [they are] entitled to access the government's classified filings." *Sedaghaty*, 728 F.3d at 909. Likewise, while the defendant may be entitled to notice when the government initiates CIPA proceedings under Section 4 or 6, there is "no due process right to receive a description of materials in the government's possession that are not discoverable." *Id.* (citing *Mejia*, 448 F.3d at 458 (noting that, in the context of CIPA, as in other discovery in criminal cases, the defendant is "not entitled to access to any of the evidence reviewed

by the court . . . to assist in his argument' that it should be disclosed")). Indeed, a district court considering a motion to withhold classified information "must first determine whether . . . the information at issue is discoverable at all." *Sedaghaty*, 728 F.3d at 904. Only if the information is discoverable must the court then examine whether it is also relevant and helpful to the defense. *Id.* A defendant, however, may be permitted to file his own *ex parte* submission outlining his theory of the defense to aid the court in the review of any classified materials. *See id.* at 906 n.10; *see also* Dkt. 87, Order Granting Government's *In Camera, Ex Parte* Motion in *United States v. Abdul-Latif*, CR11-0228JLR (W.D. Wash. 2012).

### D. Sections 5 and 6—Notice of Defendant's Intent to Disclose Classified Information and Pretrial Procedures Regarding Admissibility

There are three critical pretrial steps in the handling of classified information under CIPA after such information has been provided to the defendant through discovery. First, Section 5 requires that the defendant specify the classified information he or she reasonably expects to disclose at trial. Second, the court, upon motion of the government, shall hold a hearing to determine the use, relevance and admissibility of evidence that either party seeks to introduce. 18 U.S.C. App. III § 6(a). Third, following the Section 6(a) hearing and formal findings of admissibility by the court, the government may move to substitute an admission of relevant facts or summaries for the classified information the court rules to be admissible. 18 U.S.C. App. III § 6(c). *See, e.g.*, *Baptista-Rodriguez*, 17 F.3d at 1363; *United States v. Collins*, 720 F.2d 1195, 1197-99 (11th Cir. 1983).

#### 1. Section 5—Requirement to Provide Notice of Disclosure

Section 5 requires a defendant who intends to disclose, or cause the disclosure of, classified information to provide timely pretrial written notice of his or her intention to the court and the government. 18 U.S.C. App. III § 5(a). Such notice must "include a brief description of the classified

information," *id.*, stating "*with particularity*, which items of classified information. . . [the defendant] reasonably expects will be revealed by his defense." *Collins*, 720 F.2d at 1199 (emphasis added); *see also United States v. Giffen*, 473 F.3d 30, 33 (2d Cir. 2006); *Smith*, 780 F.2d at 1105. This requirement applies to both documentary exhibits and oral testimony, regardless of whether it is anticipated to be brought out on direct or cross-examination. *See United States v. Wilson*, 721 F.2d 967, 975-76 (4th Cir. 1983).

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the court to preclude disclosure of the classified information. *See United States v. Badia*, 827 F.2d 1458, 1464-66 (11th Cir. 1987) (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5). Similarly, if the defendant attempts to disclose at trial classified information, which is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b). *Smith*, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice."); *United States v. Hashmi*, 621 F. Supp. 2d 76, 81 (S.D.N.Y. 2008).

Thus, Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose. Notification must take place "within the time specified by the court, or, where no time is specified, within thirty days prior to trial . . . ." 18 U.S.C. App. III § 5(a). Section 5 specifically prohibits the defendant from disclosing in a trial or pretrial proceeding "any information known or believed to be classified" until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided, or the time for filing an appeal has expired. 18 U.S.C. App. III § 5(a).

### 2. Section 6(a) and (b)—Pretrial Hearing on Disclosure and Notice

CIPA Section 6 sets forth the steps that a court must take concerning specific classified information which may be subject to disclosure by either party at trial or in pretrial proceedings. If either the government or the defense seeks to introduce or cause disclosure of classified information, the government may move to protect that information. First, Section 6(a) provides that upon motion of the government, the court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. III § 6(a). The hearing is to be held *in camera* if the Attorney General certifies that a public proceeding may result in the disclosure of classified information. *Id.* If the government's Section 6(a) motion is filed before trial or a pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." *Id.*

Section 6(b) requires that before any hearing is conducted under Section 6(a), the government must notify the defendant of the hearing and identify the classified information at issue. If the information was not previously made available to the defendant, the government may, with the court's approval, provide a generic description of the material to the defendant. Thus, as Congress recognized in enacting CIPA, "the government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval." S. Rep. No. 96-823, at 8, *reprinted in* 1980 U.S.C.C.A.N. at 4301.

If the defense has indicated that it intends to seek to introduce into evidence classified information and the government seeks to protect that information from disclosure, the court at the Section 6(a) hearing hears the defense proffer and the arguments of counsel, then rules whether the

classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.² *See Yunis*, 867 F.2d at 622; *Smith*, 780 F.2d at 1105-06. The court's inquiry does not end there, however, because under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial." *Smith*, 780 F.2d at 1106. The court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading" such that it should be excluded under Rule 403. *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984). At the conclusion of the Section 6(a) hearing, the court must state in writing the reasons for its determination as to each item of classified information. 18 U.S.C. App. III § 6(a).

### 3. Section 6(c) and (d)—Alternative Procedure for Disclosure of Classified Information

If the court rules that one or more items of classified information that either party seeks to introduce as evidence are admissible, the government may propose a "substitution" for the classified information at issue.³ 18 U.S.C. App. III § 6(c)(1). Specifically, if disclosure of the information is necessary, the United States may move the court to substitute for specific classified information a statement admitting relevant facts that that classified information would tend to prove, or to substitute for specific classified information a summary of that information. Section 6 authorizes substitutions for classified material in the form of "redactions and substitutions so long as these alternatives do not deprive the defendant of a fair trial." *Abu Ali*, 528 F.3d at 255; *see also Giffen*, 473 F.3d at 33; *Smith*,

---

² CIPA does not change the "generally applicable evidentiary rules of admissibility." *Wilson*, 750 F.2d at 9; *accord Yunis*, 867 F.2d at 623. Rather, CIPA alters the timing of rulings concerning "use, relevance or admissibility" so as to require them to be made before trial. *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988); *see also Smith*, 780 F.2d at 1106.

³ Substitutions and summaries are not the only means by which the government may seek judicial approval to protect classified information from public disclosure. Additional measures, such as the "Silent Witness Rule," may be proposed to protect classified information from unauthorized public disclosure. *See, e.g., United States v. Rosen*, 520 F. Supp. 2d 786, 793-96 (E.D. Va. 2007).

780 F.2d at 1105. The court must grant the motion for substitution if it finds that the admission or summary "will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. App. III § 6(c)(1).

Any hearing under Section 6(c) shall be held *in camera* at the request of the Attorney General. 18 U.S.C. App. III § 6(c)(1). In connection with a hearing, the government may submit to the court an affidavit of the Attorney General certifying that disclosure of classified information would cause identifiable damage to national security and explaining the basis for the classification of that information. The court must review that affidavit *in camera* and *ex parte* if requested by the government. 18 U.S.C. App. III § 6(c)(2). The court shall seal and preserve the record of any *in camera* hearing at the close of which the court determines that classified information may not be disclosed or elicited at trial or a pretrial proceeding. 18 U.S.C. App. III § 6(d).

### 4. Section 6(e)—Prohibition on Disclosure and Relief for Defense

If the court determines that an item of classified information is relevant and admissible, and denies the government's motion for substitution under Section 6(c), the government may object to disclosure of the classified information. In such cases, the court "shall order that the defendant not disclose or cause the disclosure of such information." 18 U.S.C. App. III § 6(e)(1). Section 6(e)(2) sets forth a sliding scale of remedies that the court may impose in such a case, to include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. *See* 18 U.S.C. App. III § 6(e)(2); S. Rep. No. 96-823, at 9, *reprinted* in 1980 U.S.C.C.A.N. at 4302-03. An order imposing any such sanctions shall not take effect until the government has had the opportunity to appeal the order

under CIPA Section 7, and thereafter withdraw its objection to disclosure.[4]  18 U.S.C. App. III § 7.

      **5.**      **Section 6(f)—Reciprocity**

If the court determines under Section 6(a) that the defense may disclose classified information in connection with a trial or pretrial proceeding, the court shall order the government to provide the defense with information it expects to use to rebut the classified information, unless the interests of fairness do not so require.  18 U.S.C. App. III § 6(f). The court may place the government under a continuing duty to disclose rebuttal information, and if the government fails to comply, exclude the rebuttal evidence and prohibit the government from examining any witness with respect to such information.  *Id.*

    **E.**    **Other Relevant CIPA Procedures**

      **1.**      **Section 7—Interlocutory Appeal**

Section 7 permits the government to take an interlocutory expedited appeal to the appellate court if the district court: (i) authorizes the disclosure of classified information; (ii) imposes sanctions for nondisclosure of classified information; or (iii) refuses to issue a protective order sought by the government to prevent the disclosure of classified information.  *See* 18 U.S.C. App. III § 7(a).  If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved.  18 U.S.C. App. III § 7(b).  Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal of an adverse ruling by the trial court upon conviction.  *Id.*  Section 7(b) requires the Court of Appeals to give expedited consideration to any interlocutory appeal filed under Section 7(a).  *Id.* § 7(b).

---

[4] As noted above, if the court determines after an *in camera* hearing that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal.  18 U.S.C. App. III **§** 6(d).

### 2. Section 8—Introduction of Classified Information

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. To prevent "unnecessary disclosure" of classified information, Section 8(b) permits the court to order admission into evidence of only a part of a writing, recording, or photograph, or the entirety of said items with all or part of the classified information contained therein excised, unless fairness requires that the entirety of the relevant item be considered.[5] Lastly, Section 8(c) provides a procedure to address issues presented by any question or line of inquiry that would require a witness to disclose classified information not previously deemed admissible. If the government poses an objection to the examination, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information," to include requiring a proffer from the government of the anticipated response and a proffer from the defendant of the information sought to be elicited. 18 U.S.C. App. III § 8(c). In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where defense counsel does not realize that the answer to a given question will reveal classified information. *See* S. Rep. No. 96-823, at 11, *reprinted in* 1980 U.S.C.C.A.N. at 4304-05.

### 3. Section 9—Security Procedures

Section 9 of CIPA requires the Chief Justice of the United States, in consultation with the Attorney General, the Director of National Intelligence, and the Secretary of Defense, to prescribe

---

[5] As noted in footnote 3, *supra*, courts may consider additional means of protecting classified information that is introduced into evidence, such as the Silent Witness Rule.

rules establishing procedures to protect against unauthorized disclosure of any classified information in the custody of United States courts. 18 U.S.C. App. III § 9(a).

### 4.  Section 10—Identification of Information Related to National Defense

This section applies in espionage or criminal prosecutions in which the government must prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information.  *See* S. Rep. No. 96-823, at 11-12, *reprinted in* 1980 U.S.C.C.A.N. at 4305.  In such a circumstance, Section 10 requires the government to inform the defendant as to which portions of the material it reasonably expects to rely upon to prove the national defense or classified information element of the crime.

### F.  Request to Designate CISO

Pursuant to Section 2 of the Revised Security Procedures Established Pursuant to Pub. L. 95-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information ("Security Procedures"), the government requests that the Court designate a Classified Information Security Officer (CISO) in this case.  The government's evidence in this case includes classified information, and additional classified information may be implicated in pretrial and trial litigation.  CISO Harry J. Rucker has assisted the parties in this case, and the government requests that the Court designate him as the CISO for this case, to perform the duties and responsibilities prescribed for CISOs in the Security Procedures.  The government further requests that the Court designate the following persons as Alternate CISO, to serve in the event Mr. Rucker is unavailable: Daniel O. Hartenstine, Daniella M. Medel, Matthew W. Mullery, and Winfield S. Slade.  A proposed order in support of this motion is enclosed.

### III.  CONCLUSION

Given that classified material was located during of the underlying investigation in this case,

that the government's evidence includes classified information, and that the charges in the Indictment in this matter are based on classified information, the government respectfully moves for a pretrial conference, pursuant to Section 2 of CIPA, to establish a discovery and motion schedule relating to any classified information. The government notes that some of the CIPA sections outlined above may not be invoked or need to be addressed. Further, dependent upon future events and potential pretrial resolutions and proceedings, there may not be a need for hearings pursuant to CIPA

Because the classified information at issue in this case is considerable, at the Section 2 pretrial conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information. Based on that estimate, the government will request a schedule for the filing of motions, pursuant to Sections 3 and 4 of CIPA, relating to the deletion, substitution, and/or disclosure pursuant to a protective order of classified information otherwise subject to discovery under the Federal Rules of Criminal Procedure.[6]

                                    Respectfully submitted,

                                    JOSHUA S. LEVY
                                  Acting United States Attorney

Date: June 23, 2023             By:  */s/ Jared C. Dolan*
                                            NADINE PELLEGRINI
                                            JARED C. DOLAN
                                            JASON A. CASEY
                                            Assistant United States Attorneys
                                            District of Massachusetts

                                            CHRISTINA A. CLARK
                                            Trial Attorney
                                            National Security Division
                                            United States Department of Justice

---

[6] The government may move for a protective order under CIPA Section 3 before the Section 2 pretrial conference.

## CERTIFICATE OF SERVICE

      I hereby certify that the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: June 23, 2023

/s/ Jared C. Dolan
JARED C. DOLAN
Assistant U.S. Attorney