UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 1:23-cr-10159-IT |
| ) | |
| JACK DOUGLAS TEIXEIRA   ) | |

**MOTION TO AMEND THIS COURT'S ORDER
REFERRING "FULL PRETRIAL PROCEEDINGS"
TO THE MAGISTRATE JUDGE**

Jack Teixeira, by and through the undersigned counsel, requests that this Court amend this Court's Order of Referral to the Magistrate Judge, dated, June 15, 2023 (Doc. No. 51), carving-out from that referral proceedings taking place under the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III.  Such is necessary to avoid a violation of the Federal Magistrate's Act or a constructive amendment of the Classified Information Procedures Act, either of which would violate Defendant's Due Process right to a fair trial.

As the Court is aware, "[t]he Federal Magistrates Act confers authority upon district judges to designate magistrates to hear pre-trial motions." *Powershare, Inc. v. Syntel*, 597 F.3d 10, 13 (1st Cir. 2010), *citing*, 28 U.S.C. § 636(b)(1).  In doing so, "Magistrate judges serve as aides to, and under the supervision of, district judges; but magistrate judges are not themselves Article III judicial officers." *Powershare*, 597 F.3d at 13.  "Given their status as Article I judicial officers, magistrate judges ordinarily may not decide motions that are dispositive either of a case or of a claim or defense within a case.  This is so because '[t]he Constitution requires that Article III judges exercise final decision-making authority.'" *Id., quoting, Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 11463 (10th Cir. 1998), *and citing, Stauble v. Warrob, Inc.*, 977 F.2d 690, 693-94 (1st Cir. 1992).

Indeed, "Congress placed an express limitation on this authority … providing that certain enumerated motions [*i.e.*, dispositive motions] could not be *determined* by a magistrate." *Phinney v. Wentworth Douglas Hospital*, 199 F.3d 1, 5 (1st Cir. 1999) (emphasis added), *citing*, 28 U.S.C. § 636(b)(1)(A). In an ordinary non-CIPA case, "Such motions may be referred to a magistrate for 'proposed findings of fact and recommendations … for disposition,' but must then be returned to the district judge for final action." *Phinney*, 199 F.3d at 5, *citing*, 28 U.S.C. § 636(b)(1)(B). The First Circuit has explained that "[d]ispositive motions include those enumerated in 28 U.S.C. § 636(b)(1)(A), but this list is not exhaustive; rather, it simply 'informs the classification of other motions as dispositive or non-dispositive.'" *Powershare*, 597 F.3d at 13, *quoting*, *Phinney*, 199 F.3d at 5-6.

Thus, a Magistrate Judge's authority to adjudicate pretrial proceedings is limited by the contours of 28 U.S.C. § 636(b). Although a District Judge may refer to a Magistrate Judge pretrial motions in a criminal case, on issues that are dispositive in nature a Magistrate Judge may only issue proposed findings of fact and recommendations for the disposition by the District Judge. *See* 28 U.S.C. § 636(b)(1)(B). Such a procedure does not prejudice a defendant in the ordinary non-CIPA context, but it does implicate the defendant's Due Process rights when proceeding under the strict limitations of CIPA, specifically with respect to the adjudication of motions filed or opposed *ex parte* under CIPA Section 2 or CIPA Section 6.

In enacting CIPA, Congress warned that "the defendant should not stand in a worse position, because of the fact that classified information is involved, than he would without the Act." S.Rep.No. 96-823 at 9 (1980); *see also*, *e.g.*, *United States v. Poindexter*, 698 F.Supp. 316, 320 (D.D.C. 1988). "CIPA's fundamental purpose is to 'protect [] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial.' It is

essentially a procedural tool that requires a court to rule on the relevance of classified information before it may be introduced," *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005), *quoting*, *United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002), *and citing*, *United States v. Wilson,* 901 F.2d 378, 379 (4th Cir. 1990).  By adding a second layer of *ex parte* Magistrate review, however, this Court's referral order places Mr. Teixeira in a worse position specifically because of the fact that classified information is involved.

For example, for any *ex parte* application made by the Government under either Section 2 or Section 6 of CIPA that the Magistrate recommends to this Court to be granted, the defense will be foreclosed not merely from seeing the Government's application but also the Magistrate Judge's Report and Recommendation, thereby prejudicing Defendant's ability to raise specific objections to the Magistrate Judge's findings under 28 U.S.C. § 636(b)(1)(C).  Conversely, for any *ex parte* application made by the Government under either Section 2 or Section 6 of CIPA that the Magistrate recommends *should be denied* (thereby favoring the defense), the Government will be privy to the Magistrate's Report and Recommendation but the defense still will not, and in turn the Government becomes the only party in a position to raise specific objections to the Magistrate Judge's findings, thereby violating the evenhandedness provided under the Magistrates Act. *See* 28 U.S.C. § 636(b)(1)(C) (providing that "within fourteen days after being served" with the Magistrate's Report and Recommendation "*any party* may serve and file written objections to such proposed findings and recommendations….").

Additionally, while CIPA contemplates a single level of *ex parte* litigation, which itself is problematic but at least was intended by Congress, it does not provide for two levels of *ex parte* review prior to reaching the Court of Appeals.  Adding this second level of *ex parte* Magistrate review would constructively amend the Classified Information Procedures Act.  Section 4 of CIPA

contemplates the scenario of a single judge ruling on applications for disclosure of classified information, and for that court's decision to be "sealed and preserved in the records of the court to be made available *to the appellate court* in the event of an appeal."  18 U.S.C. App. III § 4 (emphasis added).  Under 28 U.S.C. § 636(b)(1)(B), a Magistrate Judge is without authority to issue dispositive rulings in a criminal case and may only issue a Report and Recommendation, an added level of review nowhere to be found in the Classified Information Procedures Act.

Permitting a Magistrate Judge to adjudicate CIPA issues would thus present a Hobson's choice: either follow CIPA but violate 28 U.S.C. § 636(b)(1)(A) by allowing the Magistrate Judge to make dispositive rulings or follow 28 U.S.C. § 636(b)(1)(B) but constructively amend CIPA by adding a second level of *ex parte*, double-blindfolded, review.  Under either scenario, an issue is created implicating Mr. Teixeira's Due Process right to a fair trial.  Thus, it is standard practice is nearly all cases involving classified information for the District Judge to handle CIPA ligation in the first instance, and to utilize the Magistrate referral, if done at all, to traditional matters not governed by the Classified Information Procedures Act.[1]

---

[1]   It is the standard practice to only rely upon a District Judge to adjudicate substantive issues governed by CIPA in the Southern District of New York and the Eastern District of New York. Upon information and belief, such is also the standard practice in at least the following jurisdictions: the Eastern District of Virginia, District of the District of Colombia, Northern District of Illinois, Northern District of Texas, District of Idaho, and District of Minnesota.  Counsel is also aware of cases in the Southern District of Florida, Southern District of California, and Northern District of California, that have likewise followed this practice, but I have been unable to confirm if there is a standard practice in those Districts.

Counsel is aware of *no District* where the standard practice is to refer CIPA proceedings to the Magistrate Judge.  Moreover, it is my understanding that even in this District (*i.e.*, the District of Massachusetts) all prior cases involving classified information have reserved the CIPA issues solely for the District Judge.

These Due Process concerns can be avoided, however, by carving-out that portion of this Court's referral order that relates to classified information and procedures and retain adjudication of CIPA issues solely with this Court.[2]

Pursuant to Local Rule 7.1(a)(2), we have consulted with Assistant United States Attorney Jared Dolan and he has informed us that the Government declines to take a position on the instant application prior to reviewing the filed motion.

Accordingly, Defendant Jack Teixeira, by and through counsel, respectfully requests that this Court amend this Court's Order of Referral to the Magistrate Judge, dated, June 15, 2023 (Doc. No. 51), reserving to this Court issues related to classified information.

Dated: July 17, 2023                    Respectfully submitted,

                                        JACK TEIXEIRA
                                        By his attorneys

                                        */s/ Michael K. Bachrach*
                                        Michael K. Bachrach, Esq.
                                        Law Office of Michael K. Bachrach
                                        224 West 30th Street, Suite 302
                                        New York, NY 10001
                                        (212) 929-0592
                                        michael@mbachlaw.com

                                        */s/ Brendan Kelley*
                                        Brendan Kelley,
                                        Assistant Federal Public Defender

                                        */s/ Allen Franco*
                                        Research & Writing Attorney

                                        Federal Public Defender Office
                                        51 Sleeper Street, 5th Floor
                                        Boston, MA 02210

---

[2] We also note a practical limitation on referring CIPA matters to the appointment of a Magistrate Judge sitting in the Worcester courthouse. Namely, there is no Secure Compartmentalized Information Facility ("SCIF") available to defense counsel, the Government, or the Magistrate, in the Worcester courthouse.

**Certificate of Service**

I, Michael K. Bachrach, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date:   July 17, 2023

*/s/ Michael K. Bachrach*
Michael K. Bachrach
