```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


_____

UNITED STATES OF AMERICA,

                   Plaintiff,          Criminal Action
                                       No. 23-10159-IT
v.
                                       June 21, 2023
JACK DOUGLAS TEIXEIRA,                 3:47 p.m.

                   Defendant.
_____



        TRANSCRIPT OF AUDIO RECORDING OF ARRAIGNMENT

         BEFORE MAGISTRATE JUDGE DAVID H. HENNESSY

                UNITED STATES DISTRICT COURT

      HAROLD D. DONOHUE FEDERAL BUILDING AND U.S. COURTHOUSE

                        525 MAIN STREET

                     WORCESTER, MA   01608




                DEBRA M. JOYCE, RMR, CRR, FCRR
                    Official Court Reporter
                 John J. Moakley U.S. Courthouse
                  1 Courthouse Way, Room 5204
                      Boston, MA   02210
                    joycedebra@gmail.com
```

```
 1   APPEARANCES:

 2   FOR THE GOVERNMENT:

 3   JARED C. DOLAN, ESQ.
     United States Attorney's Office MA
 4   1 Courthouse Way
     Suite 9200
 5   Boston, MA 02210
     617-748-3220
 6   jared.dolan@usdoj.gov

 7   FOR THE DEFENDANT:

 8   BRENDAN O. KELLEY, ESQ.
     GENE ALLEN FRANCO, ESQ.
 9   Federal Defenders Office
     51 Sleeper Street, 5th Floor
10   Boston, MA 02210
     617-223-8061
11   brendan_kelley@fd.org
     allen_franco@fd.org
12
     MICHAEL K. BACHRACH, ESQ.
13   Law Office of Michael K. Bachrach
     224 West 30th Street, Suite 302
14   New York, NY 10001
     212-929-0592
15   michael@mbachlaw.com

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

(The following proceedings were held in open court before Magistrate Judge David H. Hennessy, United States District Court, District of Massachusetts, at the Harold D. Donohue Federal Building and U.S. Courthouse, 525 Main Street, Worcester, Massachusetts, on June 21, 2023.

The defendant, Jack Douglas Teixeira, is present with counsel.  The Assistant U.S. Attorney is present.)

THE CLERK:  U.S. District Court for the District of Massachusetts is now in session, the Honorable David H. Hennessy presiding.

Today is June 21, 2023.  We're on the record in the matter of United States v. Jack Douglas Teixeira, it's docket 23cr10159.

If counsel could please identify themselves for the record.

MR. DOLAN:  Good afternoon, your Honor.  Jared Dolan on behalf of the United States.

THE COURT:  Good afternoon, Mr. Dolan.

MR. KELLEY:  Good afternoon, your Honor.  Brendan Kelley for Mr. Teixeira.

THE COURT:  Good afternoon, Mr. Kelley.

MR. BACHRACH:  Good afternoon, your Honor.  Michael Bachrach for Mr. Teixeira.

THE COURT:  Mr. Bachrach, good afternoon.

1          MR. FRANCO:  And Allen Franco, also for Mr. Teixeira.
2          THE COURT:  And good afternoon, Mr. Franco.
3          Mr. Teixeira, will you stand, please.
4          You're here because a grand jury has returned an
5  indictment charging you with crimes in violation of federal
6  law.  That just means that evidence was presented to a grand
7  jury.  Based on that evidence, the grand jury made probable
8  cause findings.  "Probable cause" means that these crimes were
9  committed and that you participated in committing them.
04:20 10          This proceeding is known as an arraignment, which
11 means I'm going to have you enter a plea to each of the charges
12 in the indictment.
13         Before I do that, I'm going to describe the charges in
14 the indictment to you, the penalties that can be imposed if you
15 are found guilty of those charges.  I'll review with you your
16 right to remain silent, your right to counsel.  And then after
17 you enter a plea, I'm going to set dates for your case to
18 continue so that your lawyers can get information from the
19 government, what we call "discovery," and begin to prepare your
04:21 20 defense.  That's what we're going to do this afternoon.
21         You are charged in the indictment with six counts of
22 willful retention and transmission of national defense
23 information.  As I indicated, that's in violation of federal
24 law, and there's a forfeiture allegation.
25         Mr. Dolan, what are the penalties that Mr. Teixeira

faces if he's found guilty?

MR. DOLAN: Your Honor, each count of the indictment carries the following maximum penalties: A term of imprisonment of not more than 10 years; a fine of not more than $250,000, or both fine and imprisonment; a three-year term of supervised release; and a $100 special assessment. There's also a general forfeiture allegation in the indictment.

THE COURT: Okay. Mr. Teixeira, I just want to remind you, you have a right under the Constitution of the United States to remain silent. Any statement by you can be used against you in court. You have a right not to have your own words used against you. You may consult with your lawyers prior to questioning. You may have your lawyers present for questioning.

If you were to begin to make a statement or to answer questions without the assistance of your lawyers, you could stop mid sentence making a statement or answering questions. You're not prohibited from doing any of those things, but you need to remember that your own words can be used against you.

Finally, if I should ask you questions today or at a future hearing or if another judge should ask you questions at a future hearing and you think the answer to the question being asked may incriminate you, in other words, get you in trouble with the law criminally, you would have the right not to answer.

1          Do you understand your right to remain silent?

2          THE DEFENDANT: Yes, your Honor.

3          THE COURT: Okay. I have appointed counsel to
4 represent you, and I have added to that Mr. Bachrach, who is
5 sitting to your right. Mr. Bachrach has clearance to review
6 certain documents that the government is likely to be producing
7 in discovery here. So you don't need to do anything. That
8 representation is going to continue, but I do want you to know
9 that the fact that I made a determination that you qualify for
10 appointment of counsel, that appointment of counsel to
11 represent you doesn't mean you can't go out and hire your own
12 lawyer and pay your own lawyer if you want to do that.

13          Do you understand?

14          THE DEFENDANT: Yes, your Honor.

15          THE COURT: Okay. All right. Let me turn, then, to
16 the arraignment on the indictment.

17          Mr. Teixeira, for purposes of entering a plea today,
18 have you had an opportunity to review the indictment with your
19 lawyers?

20          THE DEFENDANT: Yes, your Honor.

21          THE COURT: Mr. Kelley, do you waive a formal reading
22 of the indictment?

23          MR. KELLEY: We do, your Honor.

24          THE COURT: And is the defendant prepared to enter a
25 plea?

1        MR. KELLEY:  He is.
2        THE COURT:  Jack Douglas Teixeira, as to Count One of
3   the indictment charging that in or about November of 2022
4   through April of 2023, you willfully retained and transmitted
5   certain national defense information regarding the compromise
6   by a foreign adversary of certain accounts belonging to a U.S.
7   company, as to that count, how do you plead, guilty or not
8   guilty?
9        THE DEFENDANT:  Not guilty, your Honor.
10       THE COURT:  As to Count Two, charging willful
11  retention and transmission of national defense information
12  during the time January of 2023 to April 2023, regarding
13  information regarding the provision of equipment to Ukraine,
14  how the equipment would be transferred, and how it would be
15  used upon receipt, as to that charge, how do you plead, guilty
16  or not guilty?
17       THE DEFENDANT:  Not guilty, your Honor.
18       THE COURT:  As to Count Three charging willful
19  retention and -- retention and transmission of national defense
20  information in the time period of February of 2023 to April of
21  2023, the information being a government document that
22  describes the status of the Russia-Ukraine conflict to include
23  troop movements on a particular date, which government document
24  is based on sensitive U.S. intelligence, gathered through
25  classified sources and methods and reveals United States

1 national defense information, as to that count, Count Three,
2 how do you plead, guilty or not guilty?
3             THE DEFENDANT:  Not guilty, your Honor.
4             THE COURT:  As to Count Four, charging willful
5 retention and transmission of national defense information
6 during the time period March of 2023 to April of 2023, the
7 information being a government document discussing a plot by a
8 foreign adversary to target United States forces abroad and
9 which discusses, in part, where and how the attack on United
10 States forces would occur, as to that count, Count Four, how do
11 you plead, guilty or not guilty?
12             THE DEFENDANT:  Not guilty, your Honor.
13             THE COURT:  As to Count Five, charging willful
14 retention and transmission of national defense information
15 during the time period of March of 2023 to April of 2023, the
16 information being a government document that describes Western
17 deliveries of supplies to the Ukranian battlefield, including
18 foreign perceptions of the deliveries, as to that count, Count
19 Five, how do you plead, guilty or not guilty?
20             THE DEFENDANT:  Not guilty, your Honor.
21             THE COURT:  And finally, as to Count Six of the
22 document, charging the willful retention and transmission of
23 national defense information during the time period January of
24 2023 to April of 2023, the information being a government
25 document that describes a shift in foreign and economic policy

|    |    |
|---:|----|
| 1  | of a particular foreign government and actions that country |
| 2  | took in an effort to repair its relationship with the United |
| 3  | States, to the perceived detriment of a separate foreign |
| 4  | country, as to that count, Count Six, how do you plead, guilty |
| 5  | or not guilty? |
| 6  | THE DEFENDANT:  Not guilty, your Honor. |
| 7  | THE COURT:  Thank you.  You can be seated. |
| 8  | Mr. Kelley and Mr. Franco, have you gotten security |
| 9  | clearance yet to review documents? |
| 04:31 10 | MR. KELLEY:  We have not, your Honor.  Our |
| 11 | understanding is it's being expedited, but we don't have it |
| 12 | yet. |
| 13 | THE COURT:  And, Mr. Bachrach, I'm correct that you |
| 14 | have that clearance; is that correct? |
| 15 | MR. BACHRACH:  That is correct, yes. |
| 16 | THE COURT:  And, Mr. Bachrach, where are your offices |
| 17 | located?  Are you in Manhattan? |
| 18 | MR. BACHRACH:  I'm in midtown Manhattan, yes. |
| 19 | THE COURT:  Thank you. |
| 04:32 20 | So, Mr. Dolan, ordinarily I would ask you for a date. |
| 21 | How will discovery work in this case?  I take it there's |
| 22 | sensitive information and then nonsensitive information that's |
| 23 | going to be produced. |
| 24 | MR. DOLAN:  There is, your Honor.  So as to discovery |
| 25 | that is not classified, we anticipate producing that within 28 |

```
 1   days.  That will not require any special procedures for that
 2   material.  There is a significant portion of that, so it will
 3   be keep counsel busy while they get their clearances.
 4           For classified discovery, the government anticipates
 5   filing, with the assent of the defendant, a motion in the
 6   coming days under the Classified Information Procedures Act,
 7   and that will start that process and get to the point where we
 8   can set deadlines for that production.
 9           THE COURT:  Okay.  And will that review have to take
10   place in a SCIF?
11           MR. DOLAN:  It will.
12           THE COURT:  And given, at least for now, that
13   Mr. Bachrach is in Manhattan, is there a SCIF in Southern
14   District or Eastern District of New York that he can use?
15           MR. BACHRACH:  Your Honor, if I may address this.
16           THE COURT:  Yes.
17           MR. BACHRACH:  There are SCIFs in those locations,
18   but, as is the custom, I'm actually going to be required to use
19   the SCIF here.
20           THE COURT:  Okay.  That takes care of that.
21           All right.  So 28 days at least for the non-classified
22   information, and then I can wait to hear from you on the -- on
23   how we're going to do the classified information.
24           So that takes us to July 19th for the automatic
25   non-classified discovery.
```

```
 1              I realize that the classified information may move a
 2    little bit more slowly, but let's go ahead and set an initial
 3    status conference for Wednesday, August 9.
 4              Dawn, 9:30 okay?
 5              At 9:30 a.m.  That will be just to review the matters
 6    in Local Rule 116.5(a) and excludable time.
 7              Mr. Bachrach, I do these initial status conferences by
 8    phone, but if I receive from both sides a joint memo that
 9    addresses the local rule and excludable time, I'm fine
10    cancelling that, and we can just work with that.
11              MR. BACHRACH:  Thank you, your Honor.
12              THE COURT:  Mr. Kelley, any objection if I exclude the
13    time from today through August 9 so the government can begin
14    their production of discovery and the defense can begin their
15    review of it?
16              MR. KELLEY:  No objection, your Honor.
17              THE COURT:  Okay.  I'll enter that order as well.
18              That's all I have.
19              Mr. Dolan, anything you're aware of I need to raise?
20              MR. DOLAN:  No, your Honor.  Thank you.
21              THE COURT:  Mr. Kelley, anything?
22              MR. KELLEY:  Judge, given the indictment, I'd be
23    remiss if I didn't ask the Court to reconsider the detention
24    issue.  We don't have an initial argument, but I would move
25    orally for the Court to reconsider that.
```

1          THE COURT: Okay. And I'm going to deny it. If
2  anything, the indictment is simply -- it's proof -- or evidence
3  that a grand jury has made probable cause findings, as I
4  indicated. So based on the fact that there is now an
5  indictment, it means that the criminal process is going to
6  begin.
7          I find largely for the reasons that I stated in my
8  written order, as well as the oral order that I issued from the
9  bench, that there's not been a change in conditions that would
04:36 10  support amending that order. So I'm going to deny that motion.
11         Okay. If there's nothing else, we're in recess.
12  Thank you, everyone.
13         THE CLERK: Court stands in recess.
14         (Court adjourned at 3:58 p.m.)
15              - - - - - - - - - - - - -
16                    CERTIFICATION
17         I certify that the foregoing is a correct transcript
18  of the record of proceedings in the above-entitled matter to
19  the best of my skill and ability.
20
21
22
23  /s/Debra M. Joyce                    August 23, 2023
    Debra M. Joyce, RMR, CRR, FCRR       Date
24  Official Court Reporter
25