UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JACK DOUGLAS TEIXEIRA, )<br>)<br>Defendant )<br>)<br>_____ ) | Criminal No. 23-10159-IT |

# ORDER ON JOINT MOTION TO CONTINUE FINAL STATUS CONFERENCE AND TO EXCLUDE CONTINUANCE

January 18, 2024

In this case, Defendant is charged in an indictment with six counts of Willful Retention and Transmission of National Defense Information, in violation of 18 U.S.C. § 793(e). Defendant was arraigned in person on June 21, 2023. I scheduled a Final Status Conference for January 19, 2024. However, counsel filed a joint motion in advance to continue the Final Status Conference and to exclude the continuance from the time in which trial of this case must commence. For the reasons stated below, I grant both motions and re-schedule the Final Status Conference for February 20, 2024 at 9:30 a.m. The Final Status Conference will be conducted by videoconference and counsel will receive an invitation with log-in credentials.

**Motion to Continue the Final Status Conference**

In support of the joint motion to continue the Final Status Conference for 30 days, the parties report that the United States recently produced additional classified and non-classified discovery which Defendant must review before he can participate in a Final Status Conference.

1

The parties further report that the United States anticipates producing additional non-classified and classified discovery in response to pending discovery requests. I allow the motion to continue the Final Status Conference and urge the United States to respond to pending discovery requests as promptly as possible; the Court is disinclined to allow further continuances of this case, which has been pending since April 2023.

**Motion to Exclude the Continuance**

I hereby ORDER the exclusion of time pursuant to the below-referenced provision of the Speedy Trial Act from Friday, January 19, 2024 (the original date of the Final Status Conference), through Tuesday, February 20, 2024 (the date of the Final Status Conference). I exclude this time (with the agreement of the parties) pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial. Specifically, in accordance with Local Rule 112.2(c) of the Local Rules of the United States District Court for the District of Massachusetts (2023), I find that the United States will need this continuance to respond to pending discovery requests, and Defendant will need this continuance to review discovery and consider the need for further discovery requests and pretrial motions. I further find that to not grant such a continuance would deny both the United

States and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

                    / s / David H. Hennessy
                    David H. Hennessy
                    United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).